UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA GADSDEN,<br><br>　　Plaintiff,<br><br>v.<br><br>JERSEY CITY EDUCATION ASSOCIATION, *et al.*,<br><br>　　Defendants. | Civ. No. 2:12-cv-4667 (KM)<br><br>OPINION |

**McNulty,** District Judge

This matter comes before the Court on Plaintiff Sandra Gadsden's (1) motion to proceed *in forma pauperis* and (2) motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). Having reviewed Plaintiff's application and found that she is unable to pay the required fees or give security therefor, the Court grants Plaintiff's application to proceed *in forma pauperis*. However, for the reasons stated below, the Court will dismiss the Complaint for failure to state a claim and will deny Plaintiff's application for pro bono counsel.

I. **Legal Standards**

　　a. *In Forma Pauperis Application*

When a litigant petitions the court to proceed without the prepayment of fees and the petition is granted, the Court has an obligation pursuant to 28 U.S.C. § 1915(e)(2)(B) to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

　　b. *Complaint*

When considering a *pro se* complaint, the Court must construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true all of the allegations in the complaint and all

1

reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Liberal construction does not, however, require the Court to credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Id.* A pro se complaint may be dismissed for failure to state a claim only if the allegations set forth by the plaintiff cannot plausibly be construed as supplying facts in support of a claim that would entitle the plaintiff to relief. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Millhouse v. Carlson,* 652 F.2d 371, 373 (3d Cir. 1981).

### c. *Appointment of Pro Bono Counsel*

Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts have "broad discretion" to request counsel for indigent pro se litigants, but such litigants have no statutory right to appointed counsel. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (citing *Mallard v. United States District Court for the S. Dist. of Iowa,* 490 U.S. 296 (1989)). In *Tabron,* the Third Circuit instructed that, in exercising its discretion to appoint counsel, a district court must first assess whether a given case or defense has merit. *Tabron,* 6 F.3d at 156 ("If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case . . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed."). Only if the Court determines that the Complaint has "arguable merit," may it then go on to weigh specific factors to determine whether the appointment of counsel would be appropriate. *See id.*

## II. Discussion

In this case, the Court finds that Ms. Gadsden's claims do not have merit and therefore the appointment of pro bono counsel would be inappropriate.

### a. Background

Ms. Gadsden has filed at least nine complaints[1] in the District Court for the

---

[1] Actions initiated by Sandra Gadsden include: 07-cv-04145 (KSH) consolidated

2

District of New Jersey alleging, among other things, that her former employer discriminatorily terminated her employment and that the Clerk's Office of this Court erroneously docketed her filings.

In 2007, Ms. Gadsden began filing complaints alleging employment discrimination against various defendants including, but not limited to, the Jersey City Public Schools and the New Jersey Education Association. This Court will not recount the details of each action but in all instances Ms. Gadsden's claims were considered; she was given the opportunity to amend her complaint; and she has attempted to appeal various decisions issued by the District Court. For example, District Court Judge Linares considered Ms. Gadsden's employment discrimination claims and found that she failed "to provide any factual basis, whatsoever, in support of her claim of discrimination." *Sandra Gadsden v. New Jersey Education Assoc.*, Case 2:07-cv-04861-JLL, Opinion of October 12, 2007, ECF No. 3. Ms. Gadsden was given two more opportunities to amend her complaint. Her first Amended Complaint was dismissed for (a) failure to comply with Federal Rule of Civil Procedure 8(a), and (b) failure to state a claim upon which relief may be granted. *See id.*, Letter Opinion of December 4, 2007, ECF No. 6. Ms. Gadsden failed to file a Third Amended Complaint within the deadline set by the Court and her complaint was accordingly dismissed with prejudice. *See id.*, Order of January 3, 2008, ECF No. 8.

In June 2008, Ms Gadsden filed two more complaints which were dismissed as duplicative of her earlier complaints. *See Sandra Gadsden v. Jersey City Public Schools,* Case 2:08-cv-03248, Order of July 2, 2008, ECF No. 2. The Court cautioned Ms. Gadsden to refrain from filing repetitive actions and/or raising claims which had been previously adjudicated. *See id.* Ms. Gadsden appealed the January 3, 2008 and July 2, 2008 Orders. Her appeals were dismissed as untimely. *See Sandra Gadsden v. New Jersey Education Assoc.,* Case 2:07-cv-04861-JLL, Order of USCA (No. 10-1562), July 23, 2010, ECF No.

---

with 07-cv-04143 (KSH); 07-cv-04061(SRC); 07-cv-04861 (JLL); 08-03249 (JLL); 08-3248 (JLL); 11-cv-4577 (JAP); 11-cv-4690 (JAP); 12-cv-4667 (KM).

3

19.

On August 1, 2011, Ms. Gadsden filed two new complaints: *Gadsden v. Newark Clerk's Office et al and Jersey City Public Schools,* 3:11-cv-04690 and *Gadsden v. Newark Clerk's Office et al and Jersey City Education Association,* 3:11-cv-04577. District Court Judge Pisano considered Ms. Gadsden's Complaints and issued identical opinions in both cases. In those opinions, Judge Pisano explained that "although captioned as Complaints, Plaintiff's filings appear instead to be motions to reopen Plaintiff's prior actions against Jersey City Education Association and Jersey City Public Schools. Such motions are properly filed pursuant to Federal Rule of Civil Procedure 60 in the courts that rendered the prior decisions, not by way of new complaints. Accordingly, the Court dismisses Plaintiff's Complaint for failing to state a claim." *See id.,* Opinions of September 21, 2011, ECF Nos. 5 & 6. The Court ordered that the dismissal be with prejudice "as the Court [could] discern no amendment that would permit Plaintiff to obtain the relief being sought." *Id.,* Orders of September 21, 2011, ECF Nos. 5 & 6.

### b. Complaint of July 23, 2012

In July 2012, Ms. Gadsden tried again to initiate an action in this Court. *See Gadsden v. Jersey City Education Association et al,* Case 2:12-cv-04667 (KM), Complaint of July 23, 2012, ECF No. 1. The matter was transferred to me in August 2012. Upon review of Ms. Gadsden's Complaint, I can find no discernible basis for a claim. It appears, in fact, that Ms. Gadsden is for the most part attempting to refile the same cases and claims that have been considered and dismissed multiple times. They will be dismissed because they fail to state an intelligible claim or state facts in support therefor, and because the prior dismissals disposed of the claims and are res judicata.

Ms. Gadsden appears to be asserting one claim that may be new. She claims that the Court of Appeals should not have dismissed one of her appeals as untimely. The only basis for this contention that the Court can glean from Ms. Gadsden's pleadings is a handwritten note on a piece of correspondence

from the Court of Appeals stating that her notice of appeal was filed not on October 17, 2008, as the letter states, but on July 17, 2008. The docket indicates that on July 17, 2008, Ms. Gadsden filed a document entitled "Caption § 56.3(2), Disqualification of Judges." *See Gadsden v. The Jersey City Public Schools*, Case 2:08-cv-03249, ECF 7. That Notice does not constitute a notice of appeal. Even if it did, it is not within the power of this Court to consider alleged errors of the Third Circuit.

For the foregoing reasons, I will grant Plaintiff's application to proceed *in forma pauperis* and direct the Clerk of this Court to file the Complaint. As I find, pursuant to 28 U.S.C. § 1915(e)(2)(B), that the Complaint is frivolous and fails to state a claim upon which relief may be granted, I will dismiss the Complaint. This dismissal is with prejudice because, under these unusual circumstances, granting leave to amend would be futile. The application for appointment of pro bono counsel is denied because Plaintiff has failed to assert a meritorious claim.

An appropriate order follows.

_____
**Kevin McNulty, U.S.D.J.**

Dated: December 3, 2012